## Boorse Trust

*High, Swartz, Flynn & Roberts,* for accountant.

*Leon H. Fox,* for Democratic National Committee.

HOLLAND, P. J., May 12, 1948.—The record facts, the terms of the trust, the identity of the interested parties insofar as it was possible for the accountant to ascertain them are all set out in the petition for adjudication. Just who is entitled to the distribution of the fund is a problem that is submitted to the court

and hereinafter resolved. All possible parties in interest are living, of age, and sui juris. . . .

The terms of the trust provide that at the death of Mattie J. Zimmerman Boorse, the life beneficiary, the entire corpus of the trust is to go to "The National Committee of the Democratic Board", to be used by the committee generally for presidential campaigns and in furtherance of the principles and cause of the Democratic party, especially in furthering the election of a Democratic president and vice president. It would appear that the primary purpose is for assisting the Democratic candidates for president and vice president to be elected every four years as the income is directed to be paid every four years to the said National committee.

The first question submitted is as to what is meant by "The National Committee of the Democratic Board", as obviously no such entity exists. Without any hesitation whatsoever I interpret the testatrix's intention to mean to designate the Democratic National Committee as the absolute beneficiary of this fund insofar as the income from said fund is concerned.

Since the trust for the Democratic National Committee is in perpetuity, we are confronted with the question as to whether the Democratic National Committee is within the category a charitable or public purpose excepted from the operation of the rule against perpetuity. It is well settled that a political party or any agency in the furtherance of the interest of a political party does not come within this category. In 3 Scott on Trusts, 2008, §374.6, it is stated:

"A line must be drawn, though it is not always easy to draw it, between objects which are merely political and objects which are of general social significance. It is clear that a trust to promote the success of a particular political party is not a charitable trust. It is against public policy to permit the perpetual endowment of a political party. It is immaterial whether the

endowment is for the purpose of electing to office the candidates of the party or for the purpose of otherwise promoting the success of the party."

The trust, therefore, after the death of Mattie J. Zimmerman Boorse is invalid as violating the rule against perpetuities and must be stricken down. There being no alternative gift upon the failure of the gift to the Democratic National Committee, the entire balances of principal and income for distribution are awarded to Jenkintown Bank & Trust Company, executor of the will of Mattie J. Zimmerman Boorse.

Power and authority are given the accountant to make the necessary assignments and transfers of the investment securities awarded in kind.

The account is confirmed, and it is ordered and decreed that Jenkintown Bank & Trust Company, trustee, as aforesaid, forthwith pay the distribution herein awarded.

And now, May 12, 1948, this adjudication is confirmed nisi.